UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JASON CAMPBELL,

Defendant.

14-cr-231 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On February 21, 2024, the Court ordered the parties to respond to a letter it received from the Bureau of Prisons ("BOP"), wherein the BOP requested guidance regarding the computation of Jason Campbell's sentence. *See* Dkt. 99. On March 4, 2024, Mr. Campbell requested that the Court recommend to the BOP that his federal sentence be deemed to have run concurrently with his state sentence. *See* Dkt. 100. The Government responded on March 6, 2024, stating that it did not oppose Mr. Campbell's request. *See* Dkt. 101.

Pursuant to 18 U.S.C. § 3621, the BOP has the authority to "designate the place of the prisoner's imprisonment," and it "may designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). Section 3621 thus "grants broad discretion to the [BOP] in designating a place of imprisonment," and it "gives the [BOP] authority to make [a] *nunc pro tunc* designation sought by" a prisoner. *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998).[1] "Although such authority ultimately lies with the BOP, this Court may make a non-binding recommendation to the BOP so that the prisoner's federal sentence will be deemed to have run concurrently with his state sentence." *United States v. Fernandez*, No. 6-CR-484, 2023 WL 8006268, at *3 (S.D.N.Y. Nov. 16, 2023). Moreover, a

---

[1] Unless otherwise indicated, this Order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

determination by a state sentencing court "that the state sentence should run concurrently to the federal sentence . . . is not binding on federal authorities." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005).

Accordingly, when a federal sentencing judge does "not decide whether [the defendant's] federal sentence would run concurrently or consecutively with his state sentence, this Court may recommend that the BOP retroactively designate [the defendant's] state facility *nunc pro tunc* as a federal facility and that his federal sentence run concurrently with his state sentence." *Fernandez*, 2023 WL 8006268, at *4; *see also Evans v. Larkin*, 629 F. App'x 114, 115 (2d Cir. 2015) ("[W]hen a federal sentence is imposed before a state sentence, and the federal court is silent as to whether those sentences should be concurrent or consecutive, the presumption in § 3584(a) that those sentences must run consecutively does not apply."). In *United States v. Alvarez*, for example, the court recommended that the BOP retroactively designate the defendant's federal sentence as concurrent to his state sentence where the federal sentencing judge "was silent as to whether the sentence would be concurrent or consecutive with any yet-to[-]be-imposed state sentence," and the state court subsequently "indicated that [the defendant's] state sentence [would] run concurrently with [his] federal case." No. 9-CR-386, 2015 WL 1851658, at *1, *4 (S.D.N.Y. Apr. 17, 2015).

The Court finds such a recommendation to be appropriate here. On November 3, 2014, Judge Forrest sentenced Mr. Campbell to a term of 71 months' imprisonment. *See* Sentencing Tr., Dkt. 31 at 21. At that sentencing, although Judge Forrest discussed Mr. Campbell's state case with regard to calculating the appropriate Sentencing Guidelines range, *see id.* at 4–6, she did not specify whether Mr. Campbell's sentence was to run concurrently or consecutively to any anticipated state sentence. On July 22, 2015, Mr. Campbell was sentenced in state court to a five-

year term of imprisonment, and the state court specified that Mr. Campbell's sentence was to run concurrently with his federal sentence. *See* Dkt. 101, Ex. A. The Court thus finds a recommendation that Mr. Campbell's federal sentence be retroactively designated as concurrent to his state sentence to be appropriate "because it accords with the . . . intention at the original sentencing of ensuring that [Mr. Campbell] receives sufficient punishment for his serious federal crime," as well as because it "respects the integrity of the [s]tate [c]ourt's sentence which . . . took into account the already-imposed federal sentence." *Alvarez*, 2015 WL 1851658, at *4.

Accordingly, the Court recommends that the BOP retroactively designate Mr. Campbell's state correctional facility *nunc pro tunc* as a federal facility and that the federal sentence imposed by Judge Forrest run concurrently with Mr. Campbell's state sentence. The Government shall promptly provide a copy of this Order to the BOP.

SO ORDERED.

Dated:   April 5, 2024
         New York, New York

                                    _____
                                    Ronnie Abrams
                                    United States District Judge